

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 8, 1947

Hon. Roy A. Jones          Opinion No. V-130
County Attorney
Cottle County             Re:  Whether the operator of a
Paducah, Texas                 pickup truck used in trans-
                               porting the tools and ac-
                               cessories of his trade
                               is required to have a
                               Commercial Operator's
                               license under Article
                               6687b, V. C. S.

Dear Sir:

 Your letter of March 17, 1947, requesting an opinion reads as follows:

 "Article 6687b, Section 1(n) of the Civil Statutes of Texas defines a Commercial Operator as 'every person, who is the driver of a motor vehicle designed or used for the transportation of property, including all vehicles used for delivery purposes, while said vehicle is being used for commercial or delivery purposes.'

 "Is a plumber who is operating his own pickup truck and carrying only his tools and an assortment of accessories necessary to carry on his occupation required to obtain a Commercial Operator's License or may he operate the said truck with only an Operator's License?"

 Article 6687b-1, Vernon's Civil Statutes, provides, in part, as follows:

 "The following words and phrases when used in this Act shall, for the purpose of this Act, have the meanings respectively ascribed to them in this title.

 " . . .

"(1) 'Driver.' Every person who drives or is in actual physical control of a vehicle.

"(m) 'Operator.' Every person, other than a chauffeur or commercial operator, who is in actual physical control of a motor vehicle upon a highway.

"(n) 'Commercial Operator.' Every person who is the driver of a motor vehicle designed or used for the transportation of property, including all vehicles used for delivery purposes, while said vehicle is being used for commercial or delivery purposes.

". . ."

Article 6687b-2, Vernon's Civil Statutes, provides, in part, as follows:

"(a) No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator, a commercial operator, or a chauffeur under the provisions of this act.

"(b) Any person holding a valid chauffeur's or commercial operator's license hereunder need not procure an operator's license.

". . ."

A pickup truck is a motor vehicle upon which or by which property is or may be transported. Bass Drilling Company v. Ray, 101 F. (2d) 316 (C. O. A., 1939). By its actual design it is to be used for the purpose of transporting articles of property. Under the facts stated, the pickup truck in question is actually being used by the owner and operator to transport the plumbing tools and accessories necessary to the prosecution of his trade as a plumber. Such tools and accessories are articles of property.

You will observe that in the definition of a "Commercial Operator" as contained in Section 1(n) of Article 6687b, V. C. S., the language used refers to a person who is driving a motor vehicle "designed or used for the transportation of property", and "while

said vehicle is being used for commercial or delivery purposes." It is apparent from this language that in determining whether or not a particular driver of a motor vehicle is required to be licensed as a "Commercial Operator" the test to be applied is the use to which the vehicle is being put. This is the rule heretofore announced in our Opinion O-3936 on December 19, 1941, and followed in Opinion O-6349, dated May 12, 1945, and Opinion O-7408, dated September 26, 1946.

The evident intent of the legislature, as expressed in the words of the statute, is to require the driver or operator of a motor vehicle to be licensed as a "Commercial Operator" when such vehicle is actually being used at the time for the purpose of transporting property. There is no requirement in the statute that the transportation of the property must be for compensation or hire; nor is there any statutory exemption in favor of a person merely because he is transporting his own property.

Applying the test herein stated to the facts under consideration, it is our opinion that the owner and driver of the vehicle in question is required to obtain a "Commercial Operator's" license.

## SUMMARY

The owner and driver of a pickup truck, which is used in transporting his plumbing tools and an assortment of accessories necessary to his trade as a plumber, is required under Article 6687b-1(n), V. C. S., to be licensed as a "Commercial Operator".

Yours very truly

APPROVED APR 8, 1947

*Price Daniel*

ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By *Charles D. Mathews*

Charles D. Mathews
Assistant

CDM:jt:jm